UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

EARNEST L. HALFORD,

      Plaintiff,

      v.                             Case No. 26-CV-583

STAFF OF CCI PRISON,

      Defendant.

---

## SCREENING ORDER

---

Plaintiff Earnest L. Halford, who is currently serving a state prison sentence at Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff filed an amended complaint on May 7, 2026. (ECF No. 17.) This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the filing fee, motion to appoint counsel, and motions to compel and to screen the amended complaint.[1]

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of

---

[1] On June 3, 2026, Plaintiff filed a proposed second amended complaint. (ECF No. 25.) Under Federal Rule of Civil Procedure 15, a party may only amend his pleading once as a matter of course without filing a motion to amend. Because Plaintiff's June 3, 2026, proposed second amended complaint was not accompanied by a motion to amend, the Court will not consider it.

his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $4.87. Plaintiff's motion for leave to proceed without prepayment of the filing fee will be granted.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."

2

*Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

Plaintiff's amended complaint does not comply with the Federal Rules of Civil Procedure and will therefore be dismissed. As an initial matter, Plaintiff's amended complaint does not contain a caption that identifies the defendants. Under Rule 10 of the Federal Rules of Civil Procedure, "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties . . . ." Fed. R. Civ. P. 10(a). In order to make someone a defendant to an action, the plaintiff must name the individual in the case caption. *See Myles v. United States*, 416 F.3d 551 (7th Cir. 2005). The Court cannot speculate who Plaintiff intends to name as defendants in his lawsuit.

Plaintiff's amended complaint also violates Rule 8 of the Federal Rules of Civil Procedure because it does not include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In the amended complaint, Plaintiff refers to "guards" without clearly stating the names of the individuals and what particular actions those individuals took to violate Plaintiff's constitutional rights. "[T]o be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Vill. of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (citation omitted). If Plaintiff does not know the names of the individuals who he believes violated his constitutional rights, Plaintiff can satisfy the personal involvement requirement by using John Doe placeholders. If more than one unknown official was involved, Plaintiff should use multiple John Doe placeholders as defendants in the

caption (John Doe 1, John Doe 2, and so on) and then identify what each individual did or did not do to violate his constitutional rights in the body of the complaint.

If Plaintiff wants to proceed with this lawsuit, he will need to file a second amended complaint by **July 6, 2026**, that provides a simple, concise, and direct statement of his claims. Plaintiff should draft his second amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; and (4) what relief he wants the Court to provide. Plaintiff should set forth his allegations in short and plain statements in numbered paragraphs. Plaintiff does not need to include every detail giving rise to his claims. He need only provide enough facts from which the Court can reasonably infer that the defendants did what he alleges they did in violation of his rights.

Moreover, as Plaintiff considers which claims to pursue, he is reminded that § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Further, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under § 1983, nor does § 1983 create collective or vicarious responsibility. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). This means that only the individual(s) who are allegedly responsible for a violation will be liable. A supervisor is not liable for the alleged misconduct of his or her subordinates unless a plaintiff can demonstrate that the supervisor turned a blind eye to the misconduct while it was occurring. *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015). To be clear, a supervisor failing to discipline a subordinate for a completed act is not the same as a supervisor turning a blind eye to an ongoing act.

4

The Court will enclose a blank prisoner amended complaint form. Plaintiff must use the blank prisoner amended complaint form to file his second amended complaint. *See* Civil L.R. 9 (E.D. Wis.) ("Prisoners appearing pro se who commence an action under 42 U.S.C. § 1983 for deprivations of federal rights by persons acting under color of state law must file the complaint with the Clerk of Court using the form available from the Court."). If Plaintiff believes he needs more space than is available on the blank prisoner amended complaint form, he may attach a maximum of *five* pages.

Plaintiff is advised that the second amended complaint replaces the prior complaint and must be complete in itself without reference to the original and amended complaints. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If Plaintiff files a second amended complaint, the Court will screen it pursuant to 28 U.S.C. § 1915A. If he chooses not to file a second amended complaint, the Court will dismiss this action based on his failure to diligently prosecute it.

### MOTION TO APPOINT COUNSEL

Plaintiff has filed a motion to appoint counsel. In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). Accordingly, in exercising its discretion, the Court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2)

5

'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007)).  The Court may also consider the merits and likelihood of success on the plaintiff's claim in deciding whether to recruit counsel.  *See Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) ("A permissible and important aspect of that stewardship is a district court's consideration of the perceived merits of—or likelihood of success on—an indigent plaintiff's claims in its decision whether to allocate scarce pro bono counsel resources to the case before it.").

To satisfy the first prong, the Court must determine that a plaintiff made a good faith effort to obtain counsel.  *Pickett v. Chi. Transit Auth.*, 930 F.3d 869, 871 (7th Cir. 2019).  "This is a mandatory, threshold inquiry . . . ." *Eagan*, 987 F.3d at 682.  To demonstrate he satisfied the first prong, Plaintiff must show he contacted at least three lawyers and provide the Court with (1) the lawyers' names; (2) their addresses; (3) how and when Plaintiff attempted to contact the lawyers; and (4) the lawyers' responses.

Plaintiff has not submitted evidence showing that he made reasonable attempts to secure counsel on his own.  Plaintiff's motion to appoint counsel can be denied for this reason alone.  Even if Plaintiff had made reasonable attempts to secure counsel on his own, the Court would still deny his motion because Plaintiff appears capable of representing himself during the early stages of this case.  When considering whether a plaintiff has the capacity to represent himself, the Court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Pennewell v. Parish*, 923 F.3d 486, 491 (7th Cir. 2019).  Plaintiff's motion to appoint counsel fails to allege facts from which the Court could determine that he lacks the capacity to effectively communicate with the Court and represent

6

himself in the early stages of this case. Nothing in Plaintiff's filings suggests that he is unable to file a second amended complaint.

All that Plaintiff must do at this stage is tell the Court what happened in a second amended complaint. His second amended complaint need not—indeed, *should not*—contain legal arguments or case citations. As explained, Plaintiff should prepare his second amended complaint like he is telling a story to someone who knows nothing about the facts of his case. Plaintiff has personal knowledge of what happened, so the Court is confident that he can prepare a second amended complaint on his own. The Court encourages Plaintiff to review the enclosed litigation guide. The guide contains helpful information about how the case will proceed and has a glossary of commonly used legal terminology.

Accordingly, Plaintiff's motion to appoint counsel is denied without prejudice. If new challenges arise that Plaintiff does not believe he can overcome on his own, he may renew his motion. If he does so, he should be specific about the challenges he faces and the efforts he has made to overcome them. He should also specifically describe the efforts he made to locate a lawyer without the Court's help, including identifying at least three lawyers that he has contacted. He should state when he contacted them and enclose copies of any responses he received from them.

### MOTION TO COMPEL

Plaintiff has filed two motions to compel. Discovery does not begin until after the Court has screened the complaint, the defendant has been served with the complaint and filed an answer, and the Court has entered a scheduling order setting deadlines for discovery and dispositive motions. At this stage, Plaintiff's motions to compel are premature and must be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (ECF No. 16) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motions to compel (ECF Nos. 24 & 26) are **DENIED**.

**IT IS FURTHER ORDERED** that on or before **July 6, 2026**, Plaintiff shall file a second amended complaint curing the defects in the amended complaint as described herein.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $345.13 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Plaintiff is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will

scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable Byron B. Conway
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on June 5, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

9