EARNEST L. HALFORD,
ORLANDO LEE WILSON,
GAYLORD ROBERT GOMAZ, and
J. CASTILLO-DIMAS,

            Plaintiffs,

         v.                               Case No. 26-CV-583

JOHN DOE VAN DRIVER 1,
JOHN DOE VAN DRIVER 2,
W.R.C. EMPLOYEES,
DEPT. OF HEALTH SERVICES, and
DIRECTOR/SECRETARY,

            Defendants.

---

## SCREENING ORDER

---

Earnest Halford, who is currently serving a state prison sentence at Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983. On June 5, 2026, the Court screened Halford's amended complaint and dismissed it for violating Rule 8 of the Federal Rules of Civil Procedure. The Court allowed Halford to file a second amended complaint curing the defects identified by the Court. (ECF No. 27.)

On June 16, 2026, Halford filed a second amended complaint on behalf of himself and Orlando Lee Wilson, Gaylord Robert Gomaz, and J. Castillo-Dimas. Rule 11(a) of the Federal Rules of Civil Procedure requires that every "pleading, written motion, or other paper" be signed by either an attorney acting on a litigant's behalf, or by the litigant himself. Fed. R. Civ. P. 11(a); *see also* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted

to manage and conduct causes therein.")  The Seventh Circuit has made clear that "an individual may appear in federal courts only *pro se* or through counsel." *Lewis v. Lenc-Smith Mfg.*, 784 F.2d 829, 830 (7th Cir. 1986) (citation omitted).  Halford is not an attorney and cannot maintain a pro se class action lawsuit on behalf of other inmates.  Because Wilson, Gomaz, and Castillo-Dimas did not sign the second amended complaint, they will be terminated as plaintiffs pursuant to Rule 11 of the Federal Rules of Civil Procedure.  The Court will now screen Halford's second amended complaint.

## SCREENING OF THE SECOND AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted.  To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "The tenet that a court must accept as true all of the allegations contained in a

2

complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE SECOND AMENDED COMPLAINT

In screening a complaint, the Court accepts the allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citation omitted). The Court notes, however, that the allegations in the complaint are just that, allegations; they are Halford's version of the events that have purportedly occurred. With this in mind, the Court will summarize Halford's allegations as presented in the second amended complaint.

On March 9, 2026, Halford was in a transport van when three blonde females in a red convertible sportscar, traveling 90 miles per hour, passed the transport van. John Doe Van Driver 1 increased the transport van's speed to 83 miles per hour in a "pitiful attempt" to catch up to the sportscar. Six minutes later, one of the van's tires exploded, causing John Doe Van Driver 1 to lose control of the van and crash into a rural ravine. As a result of the accident, Halford sustained a bloody forehead, scar, and concussion. (ECF No. 33 at 3.)

### ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S.*

3

*v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Because Halford is a convicted prisoner, his claim arises under the Eighth Amendment.

"'Cruel and unusual punishment' of individuals convicted of crimes is prohibited by the Eighth Amendment." *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994). Under the Eighth Amendment, "prison officials must take reasonable measures to ensure an inmate's safety." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). To state a claim premised on prison officials' failure to protect a plaintiff from harm, the plaintiff must allege that "the defendants knew of and disregarded an 'excessive risk' to his 'health and safety.'" *Id.* (citing *Farmer*, 511 U.S. at 837).

"Motor vehicle accidents caused by public officials or employees do not rise to the threshold of a constitutional violation under § 1983, absent a showing that the official knew an accident was imminent but consciously and culpably refused to prevent it." *Hill v. Shobe*, 93 F.3d 418, 421 (7th Cir. 1996). The second amended complaint contains no allegations from which the Court can infer that John Doe Van Driver 1 had any knowledge that an accident was imminent and refused to prevent it. In short, Halford has failed to state an Eighth Amendment claim against John Doe Van Driver 1. To the extent Halford wishes to proceed with state law claims of negligence, he must pursue those claims in state court.

Halford also lists John Doe Van Driver 2, W.R.C. employees, Department of Health Services, and Director/Secretary as defendants, but the second amended complaint contains no allegations against them. "[T]o be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Vill. of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (citation omitted). A complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

4

(citation omitted). Because the second amended complaint fails to provide such notice to John Doe Van Driver 2, W.R.C. employees, Department of Health Services, and Director/Secretary, Halford fails to state a claim against them.

**MOTIONS TO AMEND COMPLAINT**

Halford filed two motions to amend his complaint. His motions fail to comply with Civil Local Rule 15(b) because he did not file his proposed amended complaint as an attachment to the motions. *See* Civil L.R. 15(b). Accordingly, Halford's motions to amend his complaint are denied.

**MOTION TO APPOINT COUNSEL**

Halford filed a second motion to appoint counsel. The Court denied Halford's first motion to appoint counsel on June 5, 2026, concluding that in light of Halford's abilities and the nature of his claims, the case did not warrant court-recruited counsel. In this motion, Halford does not provide the Court with any information about his general competence. Instead, he asserts that the Court should recruit counsel for this class action. The Court denies Halford's motion to appoint counsel. Halford's amended complaints and filings in this case have been thorough and well written, and the outcome of this case would not have been different had Halford been represented by counsel.

**IT IS THEREFORE ORDERED** that Orlando Lee Wilson, Gaylord Robert Gomaz, and J. Castillo-Dimas are **TERMINATED** as plaintiffs.

**IT IS FURTHER ORDERED** that Halford's motions to amend the complaint (ECF Nos. 32 & 36) are **DENIED**.

**IT IS FURTHER ORDERED** that Halford's motion for a pretrial conference (ECF No. 37) is **DENIED as moot**.

**IT IS THEREFORE ORDERED** that Halford's motion to appoint counsel (ECF No. 39) is **DENIED**.

5

**IT IS FURTHER ORDERED** that Halford's motion to compel discovery (ECF No. 41) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that Halford has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin on June 30, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.